IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| TODD LOPEZ, As Personal Representative of the Wrongful Death ESTATE OF DON BEGAY<br><br>*Plaintiff*,<br><br>v.<br><br>CANTEX HEALTH CARE CENTERS II, LLC, FARMINGTON HEALTH CARE CENTER, LTD. CO. d/b/a Cedar Ridge Inn CANTEX CONTINUING CARE NETWORK, LLC, CANTEX HEALTH CARE CENTERS, LLC, CANTEX HEALTH CARE CENTERS III, LLC, MEDCARE MGMT. HOLDINGS, INC., BRATEX, INC., GOTEX INVESTMENTS, INC., GRANT KOCH ROBB INVESTMENTS, LTD., CONCORD WOOD INVESTMENTS, LTD., LB BELON, LLC, SANDRA PENA, in her Individual and Official Capacities, AND DAVID HICKS, in his Individual and Official Capacities,<br><br>*Defendants*. | §§§§§§§§§§§§§§§§§§§§§§§§ | Civil Action No. 1:23-cv-00915 |

## DEFENDANT SANDRA PENA'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

**TO THE HONORABLE JUDGE:**

Defendant Sandra Pena ("Defendant") hereby files this Answer to Plaintiff's First Amended Complaint for Wrongful Death, consenting to the Notice of Removal.

**I.
ANSWER TO PLAINTIFF'S COMPLAINT**

**A. Parties, Jurisdiction, and Venue**

**DEFENDANT SANDRA PENA'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT - Page 1**

1.      Defendant lacks sufficient information or knowledge as to the allegation of Plaintiff's residency set forth in Paragraph 1 of Plaintiff's Complaint, and therefore, denies same.

2.      Defendant admits Cedar Ridge Inn is a skilled nursing facility located at 800 Saguaro Trial, Farmington, NM 87401. Defendant denies the remaining allegations as set forth in Paragraph 2 of Plaintiff's Complaint.

3.      The allegations in Paragraph 3 are not directed to this Defendant, therefore Defendant refers Plaintiff to any responsive pleading filed by Cantex Health Care Centers II, LLC. To the extent any response is required from this Defendant, Defendant admits that Cedar Ridge Inn's place of business was located at 800 Saguaro Trial, Farmington, NM 87401. Defendant is without sufficient knowledge to admit or deny any remaining allegations as set forth in Paragraph 3 of Plaintiff's Complaint, and therefore denies same.

4.      The allegations in Paragraph 4 are not directed to this Defendant, therefore Defendant refers Plaintiff to any responsive pleading filed by Farmington Health Care Center, Ltd. Co. d/b/a Cedar Ridge Inn. To the extent any response is required from this Defendant, Defendant admits that Cedar Ridge Inn's place of business was located at 800 Saguaro Trial, Farmington, NM 87401. Defendant is without sufficient knowledge to admit or deny any remaining allegations as set forth in Paragraph 4 of Plaintiff's Complaint, and therefore denies same.

5.      The allegations in Paragraph 5 of Plaintiff's Complaint are not directed to this Defendant, therefore, Defendant refers Plaintiff to any responsive pleading filed by Cantex Continuing Care Network, LLC, if any. To the extent any response is required from this Defendant, Defendant denies the allegations set forth in this Paragraph.

**DEFENDANT SANDRA PENA'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT - Page 2**

6. The allegations in Paragraph 6 of Plaintiff's Complaint are not directed to this Defendant, therefore, Defendant refers Plaintiff to any responsive pleading filed by Cantex Health Care Centers, LLC, if any. To the extent any response is required from this Defendant, Defendant denies the allegations set forth in this Paragraph.

7. The allegations in Paragraph 7 of Plaintiff's Complaint are not directed to this Defendant, therefore, Defendant refers Plaintiff to any responsive pleading filed by Cantex Health Care Centers III, LLC, if any. To the extent any response is required from this Defendant, Defendant denies the allegations set forth in this Paragraph.

8. The allegations in Paragraph 8 of Plaintiff's Complaint are not directed to this Defendant, therefore, Defendant refers Plaintiff to any responsive pleading filed by Medcare Mgmt. Holdings, Inc., if any. To the extent any response is required from this Defendant, Defendant denies the allegations set forth in this Paragraph.

9. The allegations in Paragraph 9 of Plaintiff's Complaint are not directed to this Defendant, therefore, Defendant refers Plaintiff to any responsive pleading filed by Bratex, Inc., if any. To the extent any response is required from this Defendant, Defendant denies the allegations set forth in this Paragraph.

10. The allegations in Paragraph 10 of Plaintiff's Complaint are not directed to this Defendant, therefore, Defendant refers Plaintiff to any responsive pleading filed by Gotex Investments, Inc., if any. To the extent any response is required from this Defendant, Defendant denies the allegations set forth in this Paragraph.

11. The allegations in Paragraph 11 of Plaintiff's Complaint are not directed to this Defendant, therefore, Defendant refers Plaintiff to any responsive pleading filed by Grant Koch

Robb Investments, Ltd., if any. To the extent any response is required from this Defendant, Defendant denies the allegations set forth in this Paragraph.

12. The allegations in Paragraph 12 of Plaintiff's Complaint are not directed to this Defendant, therefore, Defendant refers Plaintiff to any responsive pleading filed by Concord Wood Investments, Ltd., if any. To the extent any response is required from this Defendant, Defendant denies the allegations set forth in this Paragraph.

13. The allegations in Paragraph 13 of Plaintiff's Complaint are not directed to this Defendant, therefore, Defendant refers Plaintiff to any responsive pleading filed by LB Belon, LLC, if any. To the extent any response is required from this Defendant, Defendant denies the allegations set forth in this Paragraph.

14. The allegations in Paragraph 14 of Plaintiff's Complaint are not directed to this Defendant, therefore, Defendant refers Plaintiff to any responsive pleading filed by David Hicks, if any. To the extent any further response is required from this Defendant, Defendant denies the remaining allegations set forth in this Paragraph.

15. Defendant admits she has been a Director of Nursing at Cedar Ridge Inn and that she is a resident of New Mexico. To the extent any further response is required from this Defendant, Defendant denies the remaining allegations set forth in this Paragraph.

16. Defendant denies that "Defendants" can be used to collectively refer to the defendants in this case. To the extent that Paragraph 16 contains allegations or averments directed at Defendant, denied.

17. Defendant denies that "Corporate Defendants" can be used to collectively refer to the defendants listed in this paragraph. To the extent that Paragraph 17 contains allegations or averments directed at Defendant, denied.

18. Defendant denies the allegations as set forth in Paragraph 18 of Plaintiff's Complaint.

19. Defendant denies the First Judicial District Court of New Mexico has jurisdiction in this action, pursuant to a Notice of Removal on file. Defendant admits that he is a resident of New Mexico. Defendant denies any remaining allegations as set forth in Paragraph 19 of Plaintiff's Complaint.

20. Defendant denies the allegations as set forth in Paragraph 20 of Plaintiff's Complaint.

21. Defendant denies the allegations as set forth in Paragraph 21 of Plaintiff's Complaint, pursuant to a Notice of Removal on file.

**B. Factual Allegations**

22. Defendant incorporates her previous responses and denials as if set forth herein.

23. Defendant admits Don Begay was a resident of Cedar Ridge Inn during the year 2020. Defendant further admits it is a skilled nursing facility located in Farmington, New Mexico. To the extent further response is required from Defendant, Defendant denies the remaining allegations as set forth in Paragraph 23 of Plaintiff's Complaint.

24. Defendant lacks sufficient knowledge to admit or deny the allegations as set forth in Paragraph 24 of Plaintiff's Complaint as such a determination would require a physician's knowledge and opinion, therefore denies same.

25. Defendant denies the allegations as set forth in Paragraph 25 of Plaintiff's Complaint.

26. Defendant admits she was aware of the Order from the Governor's office declaring a State of Public Health Emergency. Defendant further admits she took immediate and

significant precautions to protect residents from the Covid-19. To the extent further response is required from Defendant, Defendant denies the remaining allegations as set forth in Paragraph 26 of Plaintiff's Complaint.

27. Defendant denies the allegations as set forth in Paragraph 27 of Plaintiff's Complaint.

28. Defendant denies the allegations as set forth in Paragraph 28 of Plaintiff's Complaint.

29. Defendant denies the allegations as set forth in Paragraph 29 of Plaintiff's Complaint.

30. Defendant denies the allegations as set forth in Paragraph 30 of Plaintiff's Complaint.

31. Defendant denies the allegations as set forth in Paragraph 31 of Plaintiff's Complaint.

32. Defendant denies the allegations as set forth in Paragraph 32 of Plaintiff's Complaint.

33. Defendant denies the allegations as set forth in Paragraph 33 of Plaintiff's Complaint.

34. Defendant denies the allegations as set forth in Paragraph 34 of Plaintiff's Complaint.

35. Defendant denies the allegations as set forth in Paragraph 35 of Plaintiff's Complaint.

36. Defendant admits David Hicks is a former Executive Director of Cedar Ridge Inn. To the extent any further response is required from this Defendant, Defendant denies the remaining allegations set forth in this Paragraph.

37. Defendant denies the allegations as set forth in Paragraph 37 of Plaintiff's Complaint.

38. Defendant denies the allegations as set forth in Paragraph 38 of Plaintiff's Complaint.

39. Defendant denies the allegations as set forth in Paragraph 39 of Plaintiff's Complaint.

40. Defendant denies the allegations as set forth in Paragraph 40 of Plaintiff's Complaint.

41. Defendant admits she is a former nurse of Cedar Ridge Inn. To the extent any further response is required from this Defendant, Defendant denies the remaining allegations set forth in this Paragraph.

42. Defendant lacks sufficient knowledge to admit or deny the allegations as set forth in Paragraph 42 of Plaintiff's Complaint, therefore denies same.

43. Defendant denies the allegations as set forth in Paragraph 43 of Plaintiff's Complaint.

44. Defendant denies the allegations as set forth in Paragraph 44 of Plaintiff's Complaint.

45. Defendant denies the allegations as set forth in Paragraph 45 of Plaintiff's Complaint.

**C. Claims Against Defendants**

Count I – Allegations of Negligence Resulting in Wrongful Death

46. Defendant incorporates her previous responses and denials as if fully set forth herein.

47. Defendant denies the allegations as set forth in Paragraph 47 of Plaintiff's Complaint.

48. Defendant denies the allegations as set forth in Paragraph 48 of Plaintiff's Complaint.

49. Defendant denies the allegations as set forth in Paragraph 49 of Plaintiff's Complaint.

50. Defendant denies the allegations as set forth in Paragraph 50 of Plaintiff's Complaint, including but not limited to subparagraphs (a) through (l).

51. Defendant denies the allegations as set forth in Paragraph 51 of Plaintiff's Complaint.

Allegations of Negligent Hiring, Training, Retention, and/or Supervision

52. Defendant incorporates her previous responses and denials as if fully set forth herein.

53. Defendant denies the allegations as set forth in Paragraph 53 of Plaintiff's Complaint.

54. Defendant denies the allegations as set forth in Paragraph 54 of Plaintiff's Complaint.

55. Defendant denies the allegations as set forth in Paragraph 55 of Plaintiff's Complaint.

56. Defendant denies the allegations as set forth in Paragraph 56 of Plaintiff's Complaint.

57. Defendant denies the allegations as set forth in Paragraph 57 of Plaintiff's Complaint, including but not limited to subparagraphs (a) through (g).

58. Defendant denies the allegations as set forth in Paragraph 58 of Plaintiff's Complaint.

Allegations of Acts and Omissions Amounting to Negligence Per Se

59. Defendant incorporates her previous responses and denials as if fully set forth herein.

60. Paragraph 60 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies same.

61. Defendant denies the allegations as set forth in Paragraph 61 of Plaintiff's Complaint.

62. Defendant denies the allegations as set forth in Paragraph 62 of Plaintiff's Complaint.

63. Paragraph 63 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies same.

64. Paragraph 64 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies same.

65. Defendant denies the allegations as set forth in Paragraph 65 of Plaintiff's Complaint.

66. Defendant denies the allegations as set forth in Paragraph 66 of Plaintiff's Complaint.

67. Paragraph 67 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies same.

68. Defendant denies the allegations as set forth in Paragraph 68 of Plaintiff's Complaint.

69. Defendant denies the allegations as set forth in Paragraph 69 of Plaintiff's Complaint.

70. Paragraph 70 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies same.

71. Defendant denies the allegations as set forth in Paragraph 71 of Plaintiff's Complaint.

72. Defendant denies the allegations as set forth in Paragraph 72 of Plaintiff's Complaint.

73. Defendant denies the allegations as set forth in Paragraph 73 of Plaintiff's Complaint.

74. Defendant denies the allegations as set forth in Paragraph 74 of Plaintiff's Complaint.

75. Defendant denies the allegations as set forth in Paragraph 75 of Plaintiff's Complaint.

Count II – Defendants' Violations of the Unfair Practices Act

76. Defendant sets forth her foregoing responses and denials as if repeated herein.

77. Defendant denies the allegations as set forth in Paragraph 77 of Plaintiff's Complaint.

78. Paragraph 78 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent that a response is required, denied.

79. Defendant denies the allegations as set forth in Paragraph 79 of Plaintiff's Complaint.

80. Defendant denies the allegations as set forth in Paragraph 80 of Plaintiff's Complaint.

81. Defendant denies the allegations as set forth in Paragraph 81 of Plaintiff's Complaint, including but not limited to subparagraphs (a) through (f).

82. Defendant denies the allegations as set forth in Paragraph 82 of Plaintiff's Complaint.

83. Defendant denies the allegations as set forth in Paragraph 83 of Plaintiff's Complaint.

84. Defendant denies the allegations as set forth in Paragraph 84 of Plaintiff's Complaint.

85. Defendant denies the allegations as set forth in Paragraph 85 of Plaintiff's Complaint.

86. Defendant denies the allegations as set forth in Paragraph 86 of Plaintiff's Complaint.

87. Defendant denies the allegations as set forth in Paragraph 87 of Plaintiff's Complaint.

88. Defendant denies the allegations as set forth in Paragraph 88 of Plaintiff's Complaint.

89. Paragraph 89 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent that a response is required, denied.

Count III – Civil Conspiracy Among the Corporate Defendants

90. Defendant sets forth her foregoing responses and denials as if repeated herein.

91. Defendant denies the allegations as set forth in Paragraph 91 of Plaintiff's Complaint.

92. Defendant denies the allegations as set forth in Paragraph 92 of Plaintiff's Complaint.

93. Defendant denies the allegations as set forth in Paragraph 93 of Plaintiff's Complaint.

94. Defendant denies the allegations as set forth in Paragraph 94 of Plaintiff's Complaint.

95. Defendant denies the allegations as set forth in Paragraph 95 of Plaintiff's Complaint.

96. Defendant denies the allegations as set forth in Paragraph 96 of Plaintiff's Complaint.

97. Defendant denies the allegations as set forth in Paragraph 97 of Plaintiff's Complaint.

98. Defendant denies the allegations as set forth in Paragraph 98 of Plaintiff's Complaint.

99. Defendant denies the allegations as set forth in Paragraph 99 of Plaintiff's Complaint.

100. Defendant denies the allegations as set forth in Paragraph 100 of Plaintiff's Complaint.

101. Defendant denies the allegations as set forth in Paragraph 101 of Plaintiff's Complaint.

102. Defendant denies the allegations as set forth in Paragraph 102 of Plaintiff's Complaint.

<u>Count IV – Joint Venture Among the Corporate Defendants</u>

103. Defendant sets forth her foregoing responses and denials as if repeated herein.

104. Defendant denies the allegations as set forth in Paragraph 104 of Plaintiff's Complaint.

105. Defendant denies the allegations as set forth in Paragraph 105 of Plaintiff's Complaint.

106. Defendant denies the allegations as set forth in Paragraph 106 of Plaintiff's Complaint.

107. Defendant denies the allegations as set forth in Paragraph 107 of Plaintiff's Complaint.

108. Defendant denies the allegations as set forth in Paragraph 108 of Plaintiff's Complaint.

109. Defendant denies the allegations as set forth in Paragraph 109 of Plaintiff's Complaint.

110. Defendant denies the allegations as set forth in Paragraph 110 of Plaintiff's Complaint.

**D. Jury Demand**

111.    Defendant disagrees with Paragraph 111 and demands that a jury of twelve persons be convened to try the factual issues in this case.

**E. Requests for Relief**

112.    Defendant denies and opposed that Plaintiff is entitled to the relief requested in the WHEREFORE paragraph of Plaintiff's Complaint.

## II.
## DEFENDANT'S AFFIRMATIVE DEFENSES

In further response to the allegations set forth in Plaintiff's Complaint, and without waiving any denials of fact or liability set forth hereinabove, Defendant hereby sets forth the following Affirmative Defenses.

113.    Pleading affirmatively, Defendant asserts it is immune from suit and liability under federal and state law, and that Plaintiff's claims are barred by the Public Readiness and Emergency Preparedness Act, 42 U.S.C. §247d-6d, *et seq*.

114.    For further answer, Defendant asserts that Plaintiff's claims invoke 28 U.S.C. § 1442, 28 U.S.C. § 1331, and 28 U.S.C. § 1332, and thus, should be brought in federal court.

115.    Plaintiff's claims are barred in whole or part by consent, waiver, estoppel, latches, statutory deadlines, the applicable statute of limitations, comparative negligence, unclean hands and/or assumption of the risk.

116.    Alternatively, Defendant affirmatively pleads and asserts the common law doctrine of comparative fault and that Plaintiff's claims against Defendant are barred or reduced by the percentage of negligence or fault attributable to Plaintiff and to third persons or entities, whether or not such persons or entities are parties to this action.

117. For further answer, if same be necessary, Defendant would show that Plaintiff failed to keep a proper lookout, failed to take reasonable precautions for her own safety, and was negligent such that the negligence on the part of Plaintiff was the sole proximate cause, or in the alternative, a proximate cause of any events and circumstances made the basis of this suit and any damages suffered by the Plaintiff as a result therefrom.

118. For further answer, Defendant affirmatively pleads that the injuries of which Plaintiff complains, if any exist, were wholly caused by a new and independent cause or causes not reasonably foreseeable by Defendant, or by intervening acts or others which were the sole proximate cause, or in the alternative, a proximate cause to any injuries or damages to Plaintiff, and therefore, such new and independent acts or causes became the immediate and efficient cause or causes of injury, such that any and all of the negligent acts or omissions of which Plaintiff complains as to this Defendant were not the causes of any damages or injuries suffered by Plaintiff.

119. For further answer, Defendant affirmatively pleads that the matters complained of by Plaintiff herein were wholly and incompletely unavoidable, and without any negligence on the part of Defendant. In this connection, Defendant would allege and show that the occurrence in question was the result of the events, circumstances, and/or conditions wholly beyond the scope and control of Defendant, such as a weather event or an Act of God.

120. For further answer, if same be necessary, Defendant asserts the contribution provisions of the NMSA §§ 41-3-1 *et.seq*.

121. For further answer, Defendant is entitled to an offset for any damages awarded to Plaintiff as a result of Plaintiff's or any other responsible party's failure to pay amounts owed from Plaintiff's care.

122. For further answer, Defendant affirmatively pleads that the injuries, damages or liabilities of which the Plaintiff complains, if any exist, are the result in whole or in part of a pre-existing condition, naturally-developing condition, and/or disability of Plaintiff, and are not the result of any act and/or omission on the part of Defendant.

123. Plaintiff's Complaint, in whole or in part, fails to state a claim for which relief may be granted against this Defendant.

124. Plaintiff has failed to set forth with specificity the alleged injuries or damages and has failed to state how any such damages were caused by any act or omission of this Defendant.

125. For further answer, Defendant affirmatively pleads that Plaintiff's claims are barred to the extent of any failure to mitigate damages.

126. Pleading affirmatively, Defendant asserts Plaintiff's alleged injuries and damages were not proximately caused by Defendant. Moreover, Defendant would show that at all times, Defendant provided appropriate care in conformance with the standard of care to the resident.

127. Plaintiff has wholly failed to state a valid claim for the recovery of attorneys' fees, has failed to sufficiently provide notice of the basis under which attorneys' fees are sought, and has failed to establish entitlement to an amount of reasonable and related attorneys' fees.

128. For further answer, Plaintiff's claims for punitive damages are barred by the 5th, 8th, and 15th Amendments to the Constitution of the United States, as well as Article II §§ 13, 14, 18, and 19 of the Constitution of the State of New Mexico. Any award of punitive damages under the facts of this case is too vague, is not justified, constitutes a denial of equal protection, constitutes a denial of due process of law, constitutes a violation of the contract clause, and constitutes the imposition of an excessive fine.

129. For further answer, if same be necessary, if Plaintiff is awarded multiple damages, she must elect between remedies.

130. For further answer, Defendant did not authorize, participate in, or ratify conduct that would permit an award of punitive damages against it.

131. For further answer, if Defendant is liable to any extent due to a violation of statutory or regulatory requirements, which is denied, such violation is excused and/or was justified and/or the statutory or regulatory requirements do not establish the duty owed or standard of care.

132. For further answer, Defendant did not authorize, participate in, or ratify conduct which was performed intentionally, maliciously, or with reckless disregard for Plaintiff's well-being.

133. For further answer, Plaintiff's claims for punitive damages, if they are permitted to proceed, should be bifurcated or trifurcated from the liability and compensatory damages trial phases.

134. To the extent any of these defenses are conflicting, they are pled in the alternative. Defendant reserves the right to supplement and amend her defenses as the case develops.

## III.
## PRAYER

Wherefore, premises considered, Defendant requests from the Court the following:

a. Plaintiff take nothing by this suit;

b. Plaintiff's claims be dismissed with prejudice;

c. Defendant otherwise goes hence without delay and recovers all costs and available interest, including reasonable and necessary attorneys' fees, and expenses expended on her behalf through trial and any appeal; and

      d. Defendant recovers such other and further relief, either at law or in equity, to which it may be justly entitled.

                                  Respectfully submitted,

By: */s/ Frank Alvarez*
       **FRANK ALVAREZ, ESQ.**
       New Mexico Bar No. 27610
       frank.alvarez@qpwblaw.com

**QUINTAIROS, PRIETO, WOOD & BOYER, PA**
1700 Pacific Avenue, Suite 4545
Dallas, Texas 75201
Telephone: (214) 754-8755
Facsimile: (214) 754-8744

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

    The undersigned certifies that on the 20th day of October, 2023, a true and correct copy of the foregoing was served in accordance with the Federal Rules of Civil Procedure and through the CM/ECF system on the following counsel of record:

Joshua K. Conaway
Aaron K. Thompson
Noe Astorga-Corral
Fadduol, Cluff, Hardy & Conaway, P.C.
3301 San Mateo Boulevard NE
Albuquerque, NM  87110
Telephone:  (505) 243-6045
jconaway@fchclaw.com
athompson@fchclaw.com
nastorga-corral@fchclaw.com

Nichole Henry
Whitener Law Firm PA
4110 Cutler Avenue NE
Albuquerque, New Mexico 87110
daniel@whitenerlaw.com

                                         */s/ Frank Alvarez*
                                         **Frank Alvarez**